JOHANN D. STUBBE, Plaintiff and Appellee, *v.* PEDRO GANDÍA-CÓRDOVA, Defendant and Appellant.

No. 4108. Argued April 22, 1927.—Decided June 25, 1927.

*Juan B. Soto* for the appellant. *Henry G. Molina* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

At the trial the plaintiff withdrew his claim for damages and therefore we will disregard it and shall confine ourselves to another point in his claim.

By deed No. 28 of July 24, 1916, executed before notary Cayetano Coll y Cuchí, Johann B. Stubbe and Pedro Gandía, the only members of the partnership of Gandía & Stubbe as recorded in the Mercantile Register, agreed to dissolve and liquidate the partnership before its expiration and to divide the capital between them, the partner Stubbe receiving as his share some pieces of land in Miramar and other properties, none of which were described. On September 26th of the same year and before the same notary the partners executed another deed explanatory of the former, giving descriptions of thirteen properties situated in the municipality of Cidra

and conveyed to Stubbe in the former deed. In both deeds the notary failed to certify that he knew the parties.

Copies of both deeds are exhibited with the complaint in the present action brought by Johann B. Stubbe against Pedro Gandía and it is alleged that the notary failed to certify that he knew the parties, notwithstanding the fact that he did know them; that therefore they became private documents between the parties, and that as they were intended to convey properties which should be conveyed in public instruments in order to affect third parties and be recorded in the proper public registries, wherefore he prayed the court for a declaration curing that defect, inasmuch as the notary personally knew the parties, and to order Pedro Gandía to execute a deed ratifying the two deeds previously mentioned and an explanatory document containing an exact description of each and every property which had been conveyed to plaintiff Stubbe by the said deed of dissolution.

The defendant demurred to the complaint on the ground of lack of facts sufficient to determine a cause of action and opposed the claim made against him. The case was tried and judgment was rendered against the defendant, ordering him to execute before a notary two new deeds in the place of the two deeds which gave rise to this suit, remedying and curing their defects.

Gandía appealed from that judgment and filed a brief in support of his appeal, but the appellee did not present a brief nor appear at the hearing on the appeal.

The appellant assigned as a first error the overruling of his demurrer to the complaint, and his argument is to the effect that as the requirement that the notary certify that he knows the parties is an intrinsic solemnity, the only way of curing that defect is by means of a document from the same notary certifying to that fact, and that therefore there is no cause of action against the appellant to order him to

execute new deeds, the more so since the nullity of the contract is not alleged.

According to section 16 of the Notarial Act notaries shall certify in public instruments that they know the parties to the instrument, or that they have assured themselves of their identity by the declaration of the witnesses to the instrument, or of two other witnesses having such knowledge, who shall be known as witnesses of identification; and section 20, subdivision 3, declares null and void public instruments in which the notary fails to certify that he knows the parties, or to supply this deficiency with witnesses of identification.

In view of these statutes there can be no doubt that the two deeds to which we have referred are null and void because the notary has failed to certify that he knew the parties thereto (*Fragoso* v. *Marxuach,* 31 P.R.R. 187; *Del Río* v. *Heirs of Cancel,* 36 P.R.R. 468); and as in order to record in the registry of property conveyances of real property they are required to be executed in a public instrument as provided in section 1247 of the Civil Code as amended in 1912, and in section 3 of the Mortgage Law, it becomes evident that the appellee is entitled to have the conveyance of the pieces of real property made to him in the deed of dissolution and liquidation of the partnership Gandía & Stubbe, as well as the description of the properties made in the other explanatory deed, recorded in a public instrument, and he has a right of action against the defendant to compel him to execute two new public deeds in place of the two deeds which were defective and void as public instruments, since the provisions of section 1246 of the Civil Code give him the right to compel Gandía to put into public instruments the agreements entered into by them as stated. He is not deprived of that right by the fact that the notary who attested the deeds may remedy their defects by means of a notarial document whereby he may certify to his acquaintance with the parties thereto as provided in the Royal Order issued

in Spain on July 13, 1883, for various reasons. That Royal Order had no force in Porto Rico after the enactment of our Notarial Act; because that Royal Order does not impose on notaries the duty of executing such notarial documents, but simply authorizes them to do so, and because section 1246, *supra*, grants to the contracting parties without limitation the right to compel each other to execute a public deed when so required by law. Therefore the complaint contains sufficient facts to determine a cause of action.

The second assignment is to the effect that the court erred in holding that it was the defendant and not the notary who had to execute a deed correcting the error committed by the notary in failing to certify that he knew the contracting parties.

What the judgment says is that "the defendant execute before a notary a new deed of dissolution and liquidation of partnership in exact agreement with deed No. 28 of dissolution and liquidation of partnership executed in San Juan, Porto Rico, on July 24, 1916, before notary Cayetano Coll y Cuchí, remedying and curing its defect," and a similar pronouncement was made therein as regards the other deed; but we do not think that it can be inferred from those words that it is the defendant who must remedy and cure the defect, but that new deeds should be executed before a notary who shall cure the said defect.

In the third and last ground of appeal it is alleged that the judgment is erroneous because it grants more than was prayed for by the plaintiff; but that is not so. The suit was brought to cure the defect in the deeds and therefore the judgment rendered is consistent with the allegations of the complaint in ordering the execution of new deeds, although it was prayed in the complaint that the defendant execute a new deed ratifying the two former deeds.

The judgment appealed from must be affirmed.